UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: THE VAUGHAN COMPANY, REALTORS, No. 10-10759-j11

    Debtor.

JUDITH A. WAGNER, Chapter 11
Trustee of the bankruptcy estate of
The Vaughan Company, Realtors,

    Plaintiff,

v.                                                                       Adversary Proceeding No. 12-1139-j

DAVID LANKFORD and
LEE ANN LANKFORD,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN ADVERSARY PROCEEDING

Defendants, David Lankford and Lee Ann Lankford (together, the Lankfords), *pro se,* request the Court to reopen this adversary proceeding, reevaluate the evidence, vacate the summary judgments entered against them, and allow the proceeding to go to trial. *See* Motion to Reopen Bankruptcy Adversary Case Due to Fraud on the Court ("Motion to Reopen") – Docket No. 149. Judith A. Wagner, Chapter 11 Trustee ("Trustee") filed a response in opposition to the Motion to Reopen. *See* Docket No. 150. The Lankfords filed a reply. *See* Docket No. 152. The reasons the Lankfords give as grounds to reopen this adversary proceeding are, for the most part, the same complaints the Lankfords have previously raised in this Court and on appeal to the United States District Court for the District of New Mexico.[1] The law of the case doctrine bars

---

[1] The only new argument the Lankfords make in support of their Motion to Reopen is that they were not afforded an opportunity to attend a settlement conference, contrary to the requirements of D.N.M.LR-Civ. 16.2(b). The Court will address that argument separately.

the Lankfords from re-trying this adversary proceeding. Because reopening this adversary proceeding will not afford the Lankfords the relief they request, the Court will deny the Motion to Reopen.

BACKGROUND AND PROCEDURAL HISTORY

The Vaughan Company, Realtors ("VCR") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 22, 2010. The Trustee filed this adversary proceeding against the Lankfords on February 21, 2012 seeking to recover fictitious profits VCR paid to the Lankfords as part of a Ponzi scheme. *See* Complaint – Docket No. 1. The Trustee alleged that the Lankfords received more than the amounts they invested in VCR's promissory note program. *Id.* In their answer to the Complaint, the Lankfords contested the Trustee's calculations of their net-winnings. *See* Docket No. 22. In July of 2013, the Trustee filed a Motion for an Order Conclusively Establishing the Amount of the Transfers at Issue in Certain Adversary Proceedings filed by Plaintiff Judith A. Wagner ("Trustee's Motion to Establish Transfer Amounts"). *See* Docket No. 35. The Court held a hearing on the Trustee's Motion to Establish Transfer Amounts on August 6, 2013. *See* Docket No. 42. Following that hearing, the Court entered an order directing the Trustee to provide the Lankfords with a written explanation as to how the Trustee determined the amounts at issue, "with references to documents and items or entries within such documents that the Trustee has already produced" to the Lankfords. *See* Order Resulting from Final Hearing on Trustee's Motion for an Order Conclusively Establishing the Amount of the Transfers at Issue in Certain Adversary Proceedings ("Order") – Docket No. 43.

In the fall of 2013, the Trustee filed a motion for summary judgment against David Lankford and a motion for summary judgment against David Lankford and Lee Ann Lankford.

*See* Docket Nos. 52 and 56 (together, the "Summary Judgment Motions"). The Lankfords opposed the Summary Judgment Motions. *See* Docket Nos. 60 and 67. The Court initially set a trial on April 4, 2014 (Docket No. 79), but later vacated the trial setting and allowed the Lankfords to supplement their responses to the Summary Judgment Motions. *See* Docket No. 86. The Lankfords supplemented their responses to the Summary Judgment Motions on April 11, 2014. *See* Docket Nos. 91 and 92. In opposing the Motions for Summary Judgment, the Lankfords contested the Trustee's calculation of net winnings. However, they presented no evidence in admissible form to create a genuine issue of fact to contest the evidence the Trustee presented that supported the followings findings of fact:

A.    <u>Mr. Lankford's Investment in the Ponzi Scheme</u>

    1.    Mr. Lankford transferred a total of $177,695.00 to VCR.

    2.    VCR transferred a total of $199,160.07 to Mr. Lankford.

    3.    VCR transferred $160,159.65 of the $199,160.07 it transferred to Mr. Lankford within four years prior to commencement of the VCR bankruptcy case.

    4,    VCR transferred $21,465.07 more to Mr. Lankford than Mr. Lankford transferred to VCR ($199,160.07 minus $ 177,695.00 equals $ 21,465.07).

    *See* Docket No. 52 and 92.

B.    <u>The Lankfords' Joint Investment in the Ponzi Scheme</u>

    1.    The Lankfords jointly transferred a total of $95,000 to VCR.

    2.    VCR transferred a total of $140,939.32 to the Lankfords jointly.

    3.    VCR transferred $129,821.35 of the $140,939.32 it transferred to the Lankfords jointly within four years prior to commencement of the VCR bankruptcy case.

    4.    VCR transferred $45,939.32 more to the Lankfords jointly than the Lankfords jointly transferred to VCR ($140,939.31 minus $95,000 equals $45,939.32).

    *See* Docket No. 56 and 91.

The above amounts of $21,465.07 and $45,939.32 are referred to below as "Net Winnings."

-3-

Case 12-01139-j    Doc 153    Filed 06/07/17    Entered 06/07/17 11:34:27 Page 3 of 17

The calculation of Net Winnings does not take into account any taxes the Lankfords paid on their net winnings, disregards any losses the Lankfords sustained in their IRA accounts in which funds received from VCR were deposited, and disregards whether funds transferred by VCR to Mr. Lankford or the Lankfords jointly were paid as interest or return of principal.[2]

The Court granted summary judgment in favor of the Trustee on May 27, 2014 and entered a final judgment against the Lankfords in the following Net Winnings amounts: $45,939.32 against the Lankfords jointly, and $21,465.07 against David Lankford, individually. *See* Memorandum Opinion (Docket No. 99) and Final Judgment in Favor of Plaintiff on Counts 4, 8, and 9 of Plaintiff's Complaint entered May 27, 2014. ("Judgment") (Docket No. 100). In making its ruling the Court calculated the amount of the avoidable Net Winnings based on the facts not in genuine dispute supported by evidence proffered in admissible form as part of the summary judgment papers; the Court did not rely on the amounts the Trustee originally claimed in the Complaint. *See* Docket No. 99, pp. 9 – 10. Nor did the Court rely on VCR's spreadsheets reflecting Form 1099 interest paid to investors. *Id.* The time to file a notice of appeal from the Judgment expired on June 10, 2014. *See* Fed. R. Bankr. P. 8002(a)(1) (specifying a 14-day appeal period). The Lankfords did not appeal the Judgment. Instead, on December 1, 2014, the Lankfords filed a motion to vacate the Judgment. *See* Motion to Vacate Final Summary Judgments Against David Lankford and Lee Ann Lankford and Go to Trial ("Motion to Vacate Judgment") – Docket No. 114.

In the Motion to Vacate Judgment, the Lankfords asserted that the Trustee overstated the amount of the fraudulent transfers and abused her power. *Id.* As grounds to vacate the Judgment, the Lankfords relied on Fed. R. Civ. P. 60(b)(3) ("fraud (whether previously called

---

[2] Under the "netting rule" that the Court used to calculate return on investment, principal is repaid before any fictitious profits. *See* Docket No. 99, p. 6, n. 7 and pp. 8-9.

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party") and Fed. R. Civ. P. 60(d)(3) ("fraud upon the court"). The Court denied the Motion to Vacate Judgment, finding that the Lankfords had previously lodged identical or similar complaints in response to the Motions for Summary Judgment. *See* Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment – Docket No. 116. The Lankfords also asserted that the Court should have offset the total judgment amount by Ms. Lankford's purported investment losses from her IRA account. *See* Motion to Vacate Judgment, pp. 13 – 14. The Court rejected this argument because the Lankfords failed to raise it in response to the Motions for Summary Judgment. *See* Docket No. 116.

The Lankfords appealed the Court's Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment to the United States District Court for the District of New Mexico. *See* Docket Nos. 118 and 119. On appeal, the Lankfords again complained that the Trustee's calculations overstated the amount of the net winnings. *See* Docket No. 123. The Lankfords sought relief from the Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment pursuant to Fed. R. Civ. P. 60(b)(3) and Fed. R. Civ. P. 60(d)(3). *Id.* In a twenty-six page opinion, the District Court adopted the Magistrate Judge's proposed findings and conclusions and affirmed this Court's Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment. *See* Docket No. 147.

Because the Lankfords did not appeal from the Judgment, the scope of the appeal was limited to whether this Court erred in denying the Lankfords' Rule 60 motion to vacate the Judgment, not whether the Court erred in granting summary judgment in the first instance. *Id.* at p. 19. Nevertheless, the District Court addressed the Lankfords' complaints that the Trustee miscalculated and overstated the Lankfords' net winnings and rejected the Lankfords'

contentions that the Trustee acted fraudulently or committed a fraud upon the Court. *Id.* The District Court declined to consider the Lankfords' argument that the purported IRA losses should have been subtracted from the calculated net winnings, concluding that the Lankfords had failed to preserve that argument for review. *See* Docket No. 147.

In addition, the Lankfords twice sought permission from this Court to sue the Trustee and her counsel based on allegations of extortion, incompetence, perjury, and fraud. *See* Docket Nos. 75 and 103.[3] Again, the crux of the Lankfords' arguments in seeking to sue the Trustee and her counsel focused on the Trustee's calculation of net winnings. *Id.* The Court denied both requests, finding that the Lankfords failed to make a prima facie showing that the Trustee defrauded or extorted them. *See* Docket Nos. 81 and 110.

## DISCUSSION

In the Motion to Reopen, the Lankfords continue to complain about the Trustee's calculations of their net winnings, and assert that the Trustee committed fraud and fraud on the Court. They seek to reopen this adversary proceeding so that the Trustee's claims can be tried on the merits. For the reasons explained below, the Court will deny the Motion to Reopen.

*Law of the Case Doctrine*

The law of the case doctrine is a discretionary doctrine the Court may apply to bar a party from raising legal issues in later stages of the litigation that have already been decided in the same case at a previous stage in the litigation. *See Entek GRB, LLC v. Stull Ranches, LLC,* 840 F.3d 1239, 1240 and 1241 (10th Cir. 2016) (stating that "[l]aw of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a

---

[3] The Lankfords' first motion requesting leave to file a claim against the Trustee and her counsel alleged extortion, incompetence, and fraud. *See* Docket No. 75. The Lankfords' second motion requesting leave to file a claim against the Trustee and her counsel substituted "perjury" for "incompetence." *See* Docket No. 103.

-6-

litigation[,]" and that "[t]he decision whether to apply law of the case doctrine remains a matter of judicial discretion.") (citations omitted).[4]  In other words, under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Huffman v. Saul Holdings Ltd. P'ship,* 262 F.3d 1128, 1132 (10th Cir. 2001) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).  The purpose of the doctrine is "'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Jensen v. United States Trustee (In re Double J Cattle Co.),* 226 B.R. 284, *6 (10th Cir. BAP 1997) (unpublished) (quoting 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4478 (1981)).  *See also Farmers Home Admin. v. Buckner (In re Buckner),* 218 B.R. 137, 142 (10th Cir. BAP 1998) ("The policy behind the doctrine is to promote both judicial efficiency and the public policy that litigation should come to an end, and the doctrine is designed to quickly resolve disputes by preventing continued reargument of issues already decided.") (citing *Anthony v. Baker,* 955 F.2d 1395, 1397 n.1 (10th Cir. 1992) (remaining citation omitted)).  Law of the case can be applied in the trial court to issues previously decided on appeal, whether decided explicitly or by necessary implication.[5]

---

[4] Claim preclusion serves a similar purpose as the law of the case doctrine and bars re-litigation of matters actually litigated in a prior action as well as matters that could have been litigated in a prior action ending in a final judgment. *See MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005) ("The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment.") (citation omitted).  For claim preclusion to apply, the following three elements must be present: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Id.* (citing *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2003)).  Since there was no separate "prior action," but, rather one continuing action that resulted in a final judgment from which the Lankfords did not appeal, and which they now ask the Court to vacate, claim preclusion does not apply.

[5] *See Entek,* 840 F.3d at 1241 (stating that the law of the case doctrine precludes "relitigation of issues either expressly or implicitly resolved in prior proceedings in the same court.") (citations omitted); *United States v. Monsisvais,* 946 F.2d 114, 115-16 (10th Cir. 1991) ("'[i]n terms of the dynamics between trial and appellate courts, the phrase 'law of the case' signifies, in broad outline, that a decision of an appellate

A court may exercise judicial discretion *not* to apply the law of the case doctrine under the following circumstances: "(1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work manifest injustice." *Rimbert v. Ely Lilly and Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (citation omitted). None of these circumstances warrants an exercise of judicial discretion not to apply the law of the law of the case doctrine here. The reasons for this conclusion are contained in the following discussion addressing what the Court discerns to be the Lankfords' principal complaints. This Court, and the United States District Court, have already addressed and rejected the same arguments the Lankfords raise again in their Motion to Reopen.[6]

---

tribunal on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation in the nisi prius court, and thereafter on any further appeal.'") (quoting *United States v. Rivera-Martinez,* 931 F.2d 148, 150 (1st Cir. 1991) (additional citaitons omitted); *Dobbs v. Anthem Blue Cross & Blue Shield,* 600 F.3d 1275, 1280 (10th Cir. 2010) ("[T]he law of the case doctrine applies to issues previously decided, either explicitly or by necessary implication") (internal quotation marks and citation omitted); *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir. 1995) (law of the case "'principle applies to all issues previously decided, either explicitly or by necessary implication.'") (quoting *Guidry v. Sheet Metal Workers Int'l Ass'n,* 10 F.3d 700, 705 (10th Cir. 1993) (citations omitted)). *See also, Buckner,* 218 B.R. at 142 ("Issues decided on appeal become the law of the case and are to be followed in all subsequent proceedings in the same case in the trial court[.]").

[6] The Lankfords' asserted grounds to reopen this adversary proceeding can be distilled to the following:
1. The Trustee fraudulently calculated the net winnings;
2. Entry of the Judgment based on the Trustee's calculations constituted a fraud on the Court;
3. Material facts should have prevented the Court from granting summary judgment;
4. The Court is corrupt and abused its discretion;
5. The Lankfords were deprived of due process;
6. The Court's Order and minutes did not accurately reflect the outcome of the August 6, 2013 hearing; and
7. The calculation of net winnings should have taken into account Ms. Lankford's IRA loss.

This Court rejected the following arguments in its Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment:
1. The Trustee fraudulently calculated the net winnings;
2. Entry of the Judgment based on the Trustee's calculations constituted a fraud on the Court;
3. Material facts should have prevented the Court from granting summary judgment; and
7. The calculation of net winnings should have taken into account Ms. Lankford's IRA loss.

The United States District Court rejected the following arguments in its decision on appeal:
1. The Trustee fraudulently calculated the net winnings;

-8-

*Trustee's Alleged Fraudulent Calculation of Net Winnings by Disregarding IRA Losses*

The Court discerns from the Motion to Reopen that the discrepancy between the $67,404.39 final judgment amount and $63,277.64, which the Lankfords claim is "[t]he documented amount of . . . the true net winnings"[7] is attributable to Ms. Lankford's asserted IRA loss. *See* Motion to Reopen, p. 20 ("the Trustee intentionally failed to include Lee Ann Lankford's IRA loss of $4,126.75.").[8] The Lankfords first raised the argument that Ms. Lankford's IRA loss should be taken into account in calculating their total net winnings in their Motion to Vacate Judgment. This Court declined to address that argument because it was too late to do so. *See* Docket No. 116, pp. 6 -7. The District Court likewise concluded that the Lankfords failed to preserve this issue for appeal. *See* Docket No. 137. The Lankfords could have raised this issue in response to the Motions for Summary Judgment. They did not. The Lankfords are precluded from raising this issue at this stage in the litigation through a request to reopen the adversary proceeding. *Cf. Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (noting that a Rule 60(b) motion cannot be used to advance new arguments which could have been presented at the time of the original ruling).

---

|   |   |   |
|---|---|---|
| 2. | | Entry of the judgment based on the Trustee's calculations constituted a fraud on the Court; |
| 3. | | Material facts should have prevented the Court from granting summary judgment; |
| 4. | | The Court abused its discretion; |
| 5. | | The Lankfords were deprived of a full and fair opportunity to defend the Trustee's claims; |
| 6. | | The Court's minutes did not accurately reflect the outcome of the August 6, 2013 hearing; and |
| 7. | | The calculation of net winnings should have taken into account Ms. Lankford's IRA loss. |

[7] Motion to Reopen p. 13 (The documented amount of **$63,277.64 is the true net winnings**." (emphasis in the original).

[8] The Lankfords further complain that the Trustee altered the net winning calculations in a nefarious attempt to include only profits and disregard losses," and the Court showed bias, abused its discretion and was complicit in the Trustee's fraud by allowing the Trustee to do so. Motion to Reopen, pp. 17-20.

Nevertheless, even if the Lankfords had timely raised the issue regarding the effect of IRA losses in calculating the amount of Net Winnings, it would not have changed the result. This Court addressed a similar issue in *Wagner v. Eberhard (In re Vaughan Co., Realtors)*, 2014 WL 271632 (Bankr. D.N.M. Jan. 23, 2014), decided before the Court granted summary judgment against the Lankfords. In that adversary proceeding, the Trustee asserted a fraudulent transfer claim against Dr. Kenneth Eberhard based on his investment of $445,500 in VCR's promissory note program. The promissory notes were held in Dr. Eberhard's self-directed IRA. VCR made payments on the notes by transferring funds to the IRA.[9] Dr. Eberhard contended that the amount of his net winnings should be calculated based on the amount he *received* from his IRA, which was less than the amount VCR *transferred* to the IRA. This Court disagreed. The Court determined based on relevant case law that a self-directed IRA, like a savings account, is not a separate legal entity from its owner. Therefore, in computing net winnings for purposes of recovering a fraudulent transfer, any funds VCR transferred to an IRA are treated the same as if transferred directly to the owner of the IRA. The Court therefore held that the amount VCR transferred to Dr. Eberhard is measured by the amount VCR transferred to the IRA, not by the amount the Dr. Eberhard ultimately received from his IRA. Applying the "Netting Rule,"[10] the Court concluded that Dr. Eberhard's net winnings consisted of the difference between his total return (the amount of all payments his IRA received from VCR) and his total investment (the amount of all cash he invested through his IRA in the VCR note program over the life of his investments). Under this methodology of computing net winnings, the amount the investor

---

[9] Similarly, Mr. Lankford individually and the Lankfords jointly invested in VCR's promissory note program using IRA funds to purchase notes held by his and their IRAs. *See* Exhibit A to Trustee's motion for summary judgment against Mr. Lankford, pp. 9 and 10 of 19, and Exhibit A to Trustee's motion for summary judgment against the Lankfords, pp. 4 and 5 of 38. *See* Docket Nos. 52-1 and 56-1.
[10] For a discussion of the Netting Rule, see the Memorandum Opinion at pp. 8-9 entered May 27, 2014 in this adversary proceeding.

received from the IRA is irrelevant. It follows that any investment gains or losses credited to or debited from an IRA account, fees charged to an IRA, and taxes payable on net winnings or other gains are likewise disregarded. Had the Lankfords timely raised their argument that the calculation of Net Winnings must account for IRA losses, the Court would have rejected it. IRA gains or losses are irrelevant to the calculation of net winnings based on the rationale the Court applied in *Eberhard.*

*The August 6, 2013 Hearing and the Court's Subsequent Order*

The Lankfords complain that the Court made an oral ruling at a hearing held August 6, 2013 requiring the Trustee to produce source documents underlying the Trustee's calculations but omitted this requirement from the Order entered following the hearing. The Order directed the Trustee to

> provide to the Defendants a written explanation as to how the Trustee determined the amount of the transfers at issue in this adversary proceeding total $144976 instead of the $137, 270 asserted by Defendants, with reference to specific documents and items or entries within such documents that the Trustee has already provided to the Defendants.

*See* Docket No. 43.

In support of their position, the Lankfords quote portions of a transcript of the August 6, 2013 hearing.[11] A review of the hearing transcript belies the Lankfords' contention. Although the Court initially directed the Trustee to produce source documents, later in the hearing the Lankfords agreed that they did not require any additional "source" documents and did not have a problem with the Trustee's "source" documents:

> **The Court:** So Mr. Lankford, I mean, the Court today is not going to make any ruling on – you know, what accounting methodology is appropriate. I'm just trying to make sure that both parties have the source data they need to present whatever case they want to present.

---

[11] The Lankfords never filed a motion requesting the Court to revise the Order. If the Lankfords believed that the Order did not accurately reflect the Court's oral ruling, they should have filed a motion to reconsider the Order.

-11-

**Mr. Lankford:** Yeah, I –

**Ms. Lankford:** Your Honor, this is Lee Ann Lankford. *I don't think we have a dispute with the source documents.*

*See* Hearing Transcript, (Docket No. 132), p. 10, lines 15 – 22 (emphasis added).

**The Court:** Well, I mean, the Court's not going to resolve disputes. I just want to make sure that, Mr. Lankford, you have the – source documentation.

**Mr. Lankford:** *I think I've got it.*

**The Court:** And that you understand what the disagreements are between the parties as to how the calculations should be made. So I mean, if you don't understand how the Trustee came up with a hundred and forty four thousand 976 instead of a hundred and thirty-seven 7 thousand 270, then I'd like the Trustee to explain to you how they came up with that number.

*See* Hearing Transcript, p. 12, lines 23 – 25 and p. 13, lines 1-8 (emphasis added).

Because the Court believed that the Lankfords did not require any additional source documentation, the Court did not require production of source documents. The Order resulting from that hearing directed the Trustee to provide the Lankfords with an explanation for her calculations from documents she had already provided to the Lankfords. *See* Docket No. 43.

*Material Facts Should Have Prevented the Court from Granting Summary Judgment*

It is Memorandum Opinion (Docket No. 99), for the reasons stated therein, the Court determined that the Trustee was entitled to summary judgment as a matter of law based on facts not in genuine dispute. If the Lankfords disagreed, their remedy was to file a motion to alter or amend the judgment under Fed. R. Bankr. P. 9023 or to file an appeal. They did neither.

*Due Process Concerns*

The Lankfords contend that they have been deprived of due process because the tribunal is not unbiased, the Court's decision was not based exclusively on the evidence, there was no record of the evidence presented, and the tribunal failed make written findings of fact or give

-12-

Case 12-01139-j    Doc 153    Filed 06/07/17    Entered 06/07/17 11:34:27 Page 12 of 17

reasons for its decision. The Lankfords also complain that they were unjustly deprived of a trial on the merits.

The record reflects that the Court granted summary judgment based on the evidence presented to it in accordance with Fed.R.Civ.P. 56. That evidence is attached to the summary judgment papers filed of record. In it Memorandum Opinion (Docket No. 99) issued prior to entry of summary judgment the Court listed the facts not in genuine dispute upon which it based its decision, with citations to the record. The Court also gave a reasoned explanation for its decision, citing applicable case law. Nothing more is required under Rule 56.

Upon entry of a final summary judgment disposing of all claims in the adversary proceeding, it was not necessary to conduct a trial. Motions for summary judgment are commonly filed to obtain a decision without a trial. Granting summary judgment without a trial satisfies a party's right to be heard when the decision is made on the court's review of the briefs and supporting affidavits and other evidence submitted to the court. *See Carter v. Cybertech Intern.,* 21 Fed. Appx. 818, 821 (10th Cir. 2001) (explaining that a summary judgment does not necessarily require a formal evidentiary hearing, and that the court's review of the briefs and supporting documentation fulfills the parties' right to be heard on summary judgment) (citation omitted). Before deciding the Summary Judgment Motions, the Court granted the Lankfords leave to supplement their response. *See* Docket No. 86. Entry of the Judgment without a trial did not deprive the Lankfords' due process rights. Due process has been satisfied.

*Settlement Conference*

The Lankfords direct the Court to D.N.M.LR-Civ. 16.2(b) and complain that they were not afforded a settlement conference with the Trustee as required under the rule. Rule 16.2(b) is a local rule of the United States District Court for the District of New Mexico, which provides:

-13-

> In every bankruptcy adversary proceeding filed in Bankruptcy Court, the parties must participate in a settlement conference with members of the bankruptcy facilitation panel *unless otherwise ordered by the Bankruptcy Court.*

D.N.M.L.R.-Civ. 16.2(b) (emphasis added).

The Court ordered otherwise. The Court entered an Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising under 11 U.S.C. §544, 547, 548 and 55 ("Case Management Order"). *See* Case No. 12-00006 – Docket No. 5. The Case Management Order applied to this adversary proceeding. *Id.* The Case Management Order required litigants to participate in dispute mediation only in adversary proceedings where the amount the Trustee sought to recover was $61,000 or less. *Id.* at p. 11. The Trustee sought to recover more than $61,000 from the Lankfords in this adversary proceeding. Consequently, this adversary proceeding was not subject to the dispute mediation requirements under the Case Management Order. This adversary proceeding was not subject to the settlement conference requirement in D.N.M.L.R.-Civ. 16.2(b) because the Case Management Order ordered otherwise.

*Court bias*

In their reply, the Lankfords contend that the Judgment was issued against them by a "biased judge who was complicit in the fraud by his involvement in a cover-up and the denial of due process." *See* Docket No. 152, p.2. The Court's decision was based entirely on evidence presented to the Court in admissible form through the summary judgment process. *Cf. Fitzgerald v. Zenon,* 136 Fed.Appx. 209, 211 (10th Cir. 2005) (unpublished) ("To warrant recusal . . . the alleged bias must be personal and extrajudicial.") (citations omitted). This Court made its decision based on the record before it, applying applicable law. The Lankfords' claim of bias by the Court is unfounded and does not support the reopening of this adversary proceeding.

*Rule 60 Arguments – Fraud on a Party and Fraud on the Court*

To the extent the Lankfords' Motion to Reopen constitutes a direct attack on the Judgment, the Lankfords must comply with the requirements of Rule 60, made applicable to adversary proceedings by Fed. R. Bankr. P. 9024. *See Plotner v. AT & T Corp.,* 224 F.3d 1161, 1174 (10th Cir. 2000) (explaining that claim preclusion does not apply to a direct attack on a judgment; rather, "[s]uch direct attacks come under the rubric of Fed.R.Civ.P. 60(b).") (citation omitted). Rule 60 of the Federal Rules of Civil Procedure governs relief from judgments. The Lankfords are not entitled to Rule 60 relief.

The Lankfords assert that the Trustee acted fraudulently in calculating the amount of their net winnings. Relief from a judgment based on fraud by an opposing party is governed by Rule 60(b)(3), made applicable to adversary proceedings by Fed. R. Bankr. P. 9024. A request for relief from judgment under Rule 60(b)(3) must be asserted "no more than a year after the entry of the judgment." Fed.R.Civ.P. 60(c)(1). The Court entered the Memorandum Opinion and Judgment on May 28, 2014, more than two and one-half years ago. Relief from the Judgment under Rule 60(b)(3) is therefore time-barred.

The Lankfords also assert that the Judgment should be set aside for fraud on the Court. Rule 60(d)(3) allows a party to obtain relief from a judgment for fraud on the court. *See* Fed.R.Civ.P. 60(d)(3) ("This rule does not limit a court's power to . . . set aside a judgment for fraud on the court."). Unlike Rule 60(b)(3), there is no time limit for seeking relief based on fraud on the court. *See Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1291 (10th Cir. 2005) ("Fraud on the court claims [under Rule 60(d)(3)] . . . are exempt from the one year time-period for filing claims under Rule 60(b)(3)"). However, the Lankfords have previously raised their fraud on the court argument before this Court and on appeal. Both times the

-15-

Case 12-01139-j    Doc 153    Filed 06/07/17    Entered 06/07/17 11:34:27 Page 15 of 17

Lankfords were unsuccessful. *See,* Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment (Docket No. 116) (rejecting the Lankfords' contention that the Trustee perpetuated a fraud on the Court); Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Docket No. 147) (rejecting the Lankfords' arguments that the Judgment should be set aside due to fraud on the court.). Because the Lankfords' argument that the Judgment should be set aside due to fraud on the Court has already been decided, the same argument cannot serve as a basis to reopen this adversary proceeding. *Cf. Fuller v. Johnson,* 107 F.Supp.3d 1161, 1169-70 (W.D. Wash. 2015) (observing that "[i]ndependent actions under Rule 60 must be 'reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.'") (quoting *United States v. Beggerly,* 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)); *Russell v. Red Stone Fed. Credit Union,* 2016 WL 3198049, *9 (N.D. Ala. May 20, 2016) (concluding that a litigant "cannot use an unsupported fraud on the court action as a vehicle to relitigate claims barred by *res judicata.*").

## CONCLUSION

The Lankfords point out that they have committed no crime. They like many others are unwitting victims of a Ponzi scheme perpetrated by Douglas H. Vaughan through his company, VCR. Unlike the Lankfords, Mr. Vaughan did commit a crime.

Despite the Court's sympathy with the Lankfords' plight, the Court will not reopen this adversary proceeding because reopening it will not afford the Lankfords any relief. There are no grounds upon which to set aside the Judgment at this stage in the proceedings. Consequently reopening the adversary proceeding would be futile. *Cf. In re Riazuddin,* 363 B.R. 177, 184 (10th Cir. BAP 2007) (observing that, "[a]s a general proposition, there is no abuse of discretion in the

Case 12-01139-j    Doc 153    Filed 06/07/17    Entered 06/07/17 11:34:27 Page 16 of 17

bankruptcy court's decision not to reopen a case if reopening would not afford the moving party any relief.") (citing *In re Petroleum Prod. Mgmt. Inc.,* 282 B.R. 9, 15 (10th Cir. BAP 2002)).

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Reopen is DENIED.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: June 7, 2017

COPY TO:

David Lankford
4243 E. Montgomery Rd
Cave Creek, AZ 85331

Lee Ann Lankford
4243 E. Montgomery Rd
Cave Creek, AZ 85331

James A. Askew
Edward A. Mazel
Daniel Andrew White
Askew & Mazel, LLC
Attorneys for Chapter 11 Trustee
1122 Central Ave. SW, Suite 1
Albuquerque, NM 87102