UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: THE VAUGHAN COMPANY, REALTORS,     No. 10-10759-j11

      Debtor.

JUDITH A. WAGNER, Chapter 11
Trustee of the bankruptcy estate of
The Vaughan Company, Realtors,

    Plaintiff,

v.     Adversary Proceeding No. 12-1139-j

DAVID LANKFORD and
LEE ANN LANKFORD,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE VOID JUDGMENTS PER RULE 60(b)(4)

The matter is before the Court on the Motion to Vacate Void Judgments Per Rule 60(b)(4) ("Motion to Vacate") filed by David and Lee Ann Lankford, *pro se,* on November 30, 2017. *See* Docket No. 155. Judith A. Wagner, Chapter 11 Trustee of the bankruptcy estate of The Vaughan Company, Realtors (the "Trustee") opposes the Motion to Vacate. *See* Judgment Creditor's Response in Opposition to Motion to Vacate Void Judgments per Rule 60(b)(4) – Docket No. 156.

The Motion to Vacate is another in a series of efforts the Lankfords have undertaken to overturn a summary judgment this Court entered against them in this adversary proceeding. The Lankfords continue to assert that 1) the chapter 11 trustee and her counsel acted improperly in The Vaughan Company, Realtors' Chapter 11 bankruptcy case by deliberately and fraudulently

miscalculating the Trustee's claims against them; and 2) this Court acted improperly in connection with a discovery issue and by granting summary judgment.

The Lankfords previously filed a motion to reopen this adversary proceeding on April 24, 2017 so that they could file a motion to vacate the summary judgment. *See* Docket No. 149. On June 7, 2017, this Court entered a 17-page Memorandum Opinion and Order denying the Lankfords' request to reopen, concluding that the reasons the Lankfords gave in support of vacating the summary judgment were without merit. *See* Docket No. 153. Because the Lankfords' arguments had no merit, the Court concluded that reopening this adversary proceeding would be futile. *Id.* Even though this adversary proceeding remains closed, the Lankfords filed the Motion to Vacate anyway, raising largely the same arguments the Court found to be without merit in its June 7, 2017 Memorandum Opinion. Nevertheless, instead of striking the Motion to Vacate, the Court will consider the Motion to Vacate, and, for the reasons set forth below, denies the Motion to Vacate.

Procedural Background.

The Lankfords unwittingly invested in a Ponzi scheme perpetrated by Douglas Vaughan and his company, the Vaughan Company Realtors ("VCR"). Judith Wagner was appointed Chapter 11 trustee ("Trustee") in the VCR bankruptcy case. The Trustee commenced adversary proceedings against a number of investors in the Ponzi scheme, including the Lankfords, seeking to clawback funds VCR paid them in connection with the Ponzi scheme. This Court issued a memorandum opinion and entered summary judgment in favor of the Trustee and against the Lankfords ("Summary Judgment") on May 27, 2014 (Docket Nos. 99 and 100). The Lankfords did not appeal the Summary Judgment.

In addition to the current Motion to Vacate, the Lankfords have filed several motions with this Court. They commenced actions in the United States District Court for the District of New Mexico ("District Court"), and prosecuted appeals. The Lankfords filed all of the motions, actions in District Court, and the appeals in an effort to overturn the Summary Judgment and/or assert claims against the Trustee and her counsel for fraudulently miscalculating the amount of the claim against the Lankfords and/or assert misconduct by this Court, including:

1. Motion for leave to file counterclaim against the Trustee and her counsel for alleged misconduct, filed November 12, 2013. *See* Docket No. 75. This Court denied the motion in a memorandum opinion and order entered February 14, 2014. *See* Docket No. 81.

2. Motion for leave to file a claim against Judith Wagner, Chapter 11 Trustee for misconduct, filed June 30, 2014. *See* Docket No. 103. This Court denied the motion in a memorandum and opinion entered November 26, 2014. *See* Docket No. 110.

3. Motion to vacate final summary judgments filed December 1, 2014. *See* Docket No. 114. This Court denied the motion in a memorandum opinion and order entered December 11, 2014. *See* Docket No. 116. The Lankfords appealed that decision to the District Court. *See* District Court Case No. 1:14-cv-01153-RB/CG. On appeal, on June 4, 2015 the Magistrate Judge issued a 19-page Proposed Findings and Recommended Disposition ("PFRD") determining that the appeal was without merit. *See* District Court Case No. 1:14-cv-01153-RB/CG – Docket No. 34. In a 26-page opinion, on August 25, 2015 the District Court adopted the Magistrate Judge's PFRD and dismissed the appeal after independently reviewing the issues in detail. *See* District Court Case No. 1:14-cv-01153-RB/CG – Docket No. 38.

4. Complaint commencing an action in the District Court against the Trustee and her counsel alleging they committed misconduct. *See* District Court Case No. 1:15-cv-1013-JCH/LF. The District Court dismissed the complaint, and the Lankfords appealed to the Tenth Circuit. In an opinion issued April 7, 2017, the Tenth Circuit affirmed the District Court. *See Lankford v. Wagner*, 853 F.3d 1119 (10th Cir. 2017).

5. Motion to reopen this adversary proceeding due to fraud on the court on April 24, 2017 so they could file a motion to overturn the Summary Judgment. *See* Docket No. 149. This Court denied the motion in a Memorandum Opinion and Order entered June 7, 2017. *See* Docket No. 153.

6. Complaint commencing an action in the District Court against the United States Department of Justice on June 21, 2017, which remains pending. *See* District Court Case No. 1:17-cv-668 WJ/GBW. In an Order to Show Cause entered November 17, 2017, the District Court characterized the issues raised by the Complaint as centering on the Lankfords' "attempt to (1) overturn the bankruptcy court's summary judgment, or (2) assert claims against the Trustee for alleged misconduct in the adversary proceeding." *See* District Court Case No. 1:17-cv-668 WJ/GBW, Docket No. 22. The Order to Show Cause imposes a deadline of December 7, 2017

for the Lankfords to file written objections to proposed filing restrictions that would enjoin them from fling new lawsuit in the District Court or filing pleadings with this Court without satisfying certain requirements specified in the order. *Id.*

The Lankfords filed their Motion to Vacate with this Court on November 30, 2017, a week in advance of their December 7 deadline in District Court Case No. 1:17-cv-668 WJ/GBW to object to the filing restrictions recited in the Order to Show Cause. They filed an objection to the Order to Show Cause in the District Court on the December 7 deadline. Since then, the District Court entered an order enjoining the Lankfords from filing pleadings or motions in the District Court or in this Court that relate to the subject of their existing or prior lawsuits in those courts. *See* 1:17-cv-668 WJ/GBW, Docket No. 24.

## DISCUSSION

The Lankfords filed the Motion to Vacate under Rule 60(b)(4) more than three years after the entry of the Court's Memorandum Opinion and Judgment granting summary judgment in favor of the Trustee. Rule 60(b)(4), however, is not subject to the one-year limitation applicable to subsections (1), (2), and (3) of Rule 60. *See* Fed. R. Civ. P. 60(c) (imposing a one year time limit for Rule 60(b) motions based on subsections (1), (2), and (3) and a "reasonable time" limit for other subsections); *Orner v. Shalala,* 30 F.3d 1307, 1310 (10th Cir. 1994) ("Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, is not subject to any time limitation.") (internal quotation marks and citation omitted). A party may be relieved from a judgment under Rule 60(b)(4) if the judgment is void. *See* Fed. R. Civ. P. 60(b)(4) ("On motion and just terms, the court may relieve a party . . . from a final judgment" if "the judgment is void.").

"A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay

-4-

Case 12-01139-j    Doc 157    Filed 12/12/17    Entered 12/12/17 14:29:53 Page 4 of 8

Kane, *Federal Practice and Procedure* § 2862 at 434-41 (2012). *See also, United States v. Buck,* 281 F.3d 1336, 1344 (10th Cir. 2002) (same). The Lankfords contend the Summary Judgment is void because the Court acted in a manner inconsistent with due process of law. They base their due process claim on the following: 1) what transpired at a hearing held August 6, 2013, and the alleged falsification of the minutes from that hearing; 2) alleged bias and corruption by the Court and by the Trustee and her counsel; 3) alleged willful and fraudulent errors by the Trustee in the calculation of the Lankfords' net winnings; and 4) alleged deprivation of their day in court as a result of the grant of summary judgment. These arguments are the same arguments the Lankfords have unsuccessfully asserted multiple times in multiple motions and appeals.

Specifically, this Court, and/or the United States District Court, have already addressed and rejected the following arguments:[1]

    1.       The Trustee fraudulently calculated the net winnings;

    2.       Entry of the Summary Judgment based on the Trustee's calculations constituted a fraud on the Court;

    3.       Material facts should have prevented the Court from granting summary judgment;

    4.       The Court is corrupt, biased and abused its discretion;

    5.       The Lankfords were deprived of due process;

    6.       The Court's Order and minutes did not accurately reflect the outcome of the August 6, 2013 hearing;

---

[1] *See* Memorandum Opinion and Order entered February 14, 2014 - Docket No. 81; Memorandum Opinion and Order entered November 26, 2014 - Docket No. 110; Memorandum Opinion and Order entered December 11, 2014 - Docket No. 116; Memorandum Opinion and Order entered June 7, 2017 - Docket No. 153; Magistrate Judge's PFRD entered June 4, 2015 in Case No. 1:14-cv-01153-RB/CG – Docket No. 34; District Court's Order entered August 25, 2015 in Case No. 1:14-cv-01153-RB/CG – Docket No. 38; and District Court's order entered September 14, 2016 in Case No 1:15-cv-01013-JCH/LF – Docket No.56.

7. The calculation of net winnings should have taken into account Ms. Lankford's IRA loss; and

8. The Trustee committed fraud on the Lankfords and the Court.

"Generally, once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Wessel v. City of Albuquerque,* 463 F.3d 1138, 1143 (10th Cir. 2006) (internal quotation marks and citation omitted). *See also, Entek GRB, LLC v. Stull Ranches, LLC,* 840 F.3d 1239, 1240 (10th Cir. 2016) (explaining that "[l]aw of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation."). The Court declines to revisit the same issues the Lankfords raised in the Motion to Vacate that this Court previously addressed in its Memorandum Opinion and Order entered June 7, 2017 (Docket No. 153) at pp. 6-16. In addition, for the reasons previously explained in the memorandum opinions and orders identified at footnote 1, *supra,* and in this Court's Memorandum Opinion and Order accompanying the grant of summary judgment entered May 27, 2014 (Docket No. 99), these issues are without merit.

The Lankfords raise one factual issue in the Motion to Vacate that appears not to have been previously addressed. They complain about the Court having entered an order sealing certain documents from public view and ascribe a nefarious motive to that ruling. On October 4, 2013, the Trustee filed a Motion to File Under Seal a Notice of Errata and an exhibit to the Trustee's motion for summary judgment asking the Court to seal those documents because they contained confidential financial account information. *See* Docket No. 62. The Court entered an Order Granting Motion to File Under Seal (Docket No. 63) authorizing the Trustee to file those documents under seal because they contained confidential financial account numbers. The sealing order was entered to protect the holders of the accounts, including Mr. Lankford. The

-6-

Case 12-01139-j    Doc 157    Filed 12/12/17    Entered 12/12/17 14:29:53 Page 6 of 8

Lankfords did not complain about the sealing order at the time.  The Court finds the Lankfords' argument based on the sealing order to be without merit.

Finally, the Lankfords assert that the Court lost jurisdiction based on its alleged bias and should have recused even before it entered summary judgment against them.  Though couched in terms of Rule 60(b)(4) and jurisdiction, this argument is not new.  The Court has already addressed the Lankfords' claims of bias. Adverse rulings alone are insufficient to show improper bias.  *See Green v. Branson,* 108 F.3d 1296, 1305 (10th Cir. 1997) ("adverse rulings cannot in themselves form the appropriate grounds for disqualification.") (internal quotation marks and citation omitted).  Further, as the Court previously determined, entry of summary judgment against the Lankfords without a trial comported with the requirements of due process.  *See* Memorandum Opinion and Order Denying Motion to Reopen Adversary Proceeding – Docket No. 153, p. 13 ("Granting summary judgment without a trial satisfies a party's right to be heard when the decision is made on the court's review of the briefs and supporting affidavits and other evidence submitted to the court . . . . Entry of the Judgment without a trial did not deprive the Lankfords' due process rights.") (citing *Carter v. Cybertech Intern.,* 21 Fed. Appx. 818, 821 (10th Cir. 2001)).  The Lankfords' argument that the Court's alleged bias renders the summary judgment void is without merit.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Vacate is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:  December 12, 2017

-7-

Case 12-01139-j    Doc 157    Filed 12/12/17    Entered 12/12/17 14:29:53 Page 7 of 8

COPY TO:

David Lankford
4243 E. Montgomery Rd
Cave Creek, AZ 85331

Lee Ann Lankford
4243 E. Montgomery Rd
Cave Creek, AZ 85331

James A. Askew
Edward A. Mazel
Daniel Andrew White
Askew & Mazel, LLC
Attorneys for Chapter 11 Trustee
1122 Central Ave. SW, Suite 1
Albuquerque, NM 87102